IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK E. DAILEY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 6:24-cv-03162-RK |
| | ) |
| USA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

On January 16, 2025, the Court denied Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 5.) A clerk's judgment was entered on the same day. (Doc. 6.) Approximately eight months later, on September 9, 2025, Movant filed a pro se motion for relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.[1] (Doc. 7.) Movant asserts that post-conviction counsel was ineffective and the Court should therefore set aside the prior order denying his § 2255 motion for post-conviction relief and "restore [Movant's] section 2255 motion/rights." (*See generally id.*) The United States has filed a response, (Doc. 8), and Movant has filed a pro se reply, (Doc. 9).

Under Rule 60(b)(6), the Court may reopen a judgment for "any other reason that justifies relief." In the context of habeas or post-conviction cases, post-judgment relief under Rule 60(b) is available "to the extent it is not inconsistent with [the Antiterrorism and Effective Death Penalty Act ("AEDPA")]." *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)). AEDPA bars second or successive § 2255 motions that do not rely on, generally, "newly discovered evidence" or "a new rule of constitutional law." § 2255(h)(1), (2). As Movant alludes to in his pro se Rule 60(b)(6) motion, to file a second or successive motion a movant must additionally receive prior certification by the appropriate circuit court of appeals. § 2255(h).

Movant's Rule 60(b)(6) motion—arguing that post-conviction counsel was ineffective and "erroneously raised the very same issues that he raised on . . . direct appeal"[2]—is in substance a

---

[1] Movant had been otherwise represented by counsel in this post-conviction case.

[2] In the initial § 2255 motion, Movant (through counsel) asserted a claim for relief that the sentence imposed was unconstitutional because the Court erroneously overruled a number of his objections to the

second or successive motion to vacate, set aside, or correct sentence, and is therefore subject to AEDPA's precertification requirement. *See United States v. Lee*, 792 F.3d 1021, 1023-25 (8th Cir. 2015) (finding that habeas petitioner's Rule 60(b) motion was in substance a second or successive § 2255 motion because it sought "to reopen a claim which had been raised in his initial habeas petition and decided by the district court" on the basis that post-conviction counsel was "ineffective[] by not attaching important affidavits and other supporting evidence to his § 2255 petition"); *Horton v. United States*, No. 6:15-cv-03019-MDH, 2016 WL 11893930, at *1 (W.D. Mo. Aug. 8, 2016) (finding that § 2255 movant's Rule 60(b) motion "claiming he received ineffective assistance of counsel in his § 2255 proceedings . . . is, in substance, a second or successive habeas petition").[3] Because Movant has not obtained authorization from the court of appeals to file a second or successive habeas petition, Movant's pro se motion is **DISMISSED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 23, 2026

---

PSR calculation at sentencing and erred in calculating the base offense level. (*See generally* Doc. 1.) Movant did not assert a claim for ineffective assistance of trial or appellate counsel. The Court found (1) Movant was not entitled to relief under § 2255 because he previously raised these sentencing errors on direct appeal, and (2) alternatively, the appeal/collateral-attack waiver in the plea agreement applied. (*See generally* Doc. 5.)

[3] Movant cites several cases as establishing that "adequate counsel is also applied in post-conviction matters as well." (Doc. 7 at 2.) The cases Movant cites, however—*Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013)—establish only that ineffective assistance of state post-conviction counsel may establish cause to overcome procedural default for a federal habeas claim brought under 28 U.S.C. § 2254. *See Davila v. Davis*, 582 U.S. 521, 528-29 (2017) (explaining that *Martinez* and *Trevino*, together, establish that in certain circumstances a federal habeas claim by a state prisoner for ineffective assistance of trial counsel is not barred by procedural default—i.e., because it was not first raised in the state post-conviction proceeding—if the procedural default "results from the ineffective assistance of the prisoner's counsel in the [state] collateral proceeding").

In addition, the Court notes that the crux of Movant's Rule 60(b)(6) motion is that he seeks to "reopen or re-establish his [initial] section 2255 rights" so that AEDPA's second or successive bar under § 2255(h) will not apply should he wish to file a motion for relief under § 2255 in the future. (*See* Doc. 9.) He does not affirmatively assert any cognizable ground for relief under § 2255 whether for ineffective assistance of trial or appellate counsel or any other ground he contends post-conviction counsel should have raised.