# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

DERRICK E. DAILEY,              )
                               )
                    Movant,    )
                               )
        v.                     )       Case No. 6:24-cv-03162-RK
                               )
USA,                           )
                               )
                    Respondent. )

## ORDER

On January 16, 2025, the Court denied Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 5.)[1] The Court found that Movant's post-conviction challenge, primarily that the sentencing court erroneously applied the sentencing guidelines, (1) was barred or prohibited under the law of the case doctrine (flowing from the enforcement of an appeal waiver in the written plea agreement to the same challenge raised in Movant's direct appeal) and (2) was independently barred by the appeal/collateral-attack waiver in the written plea agreement. (*See generally id.*) Eight months later, Plaintiff filed a pro se motion for post-judgment relief under Rule 60(b)(6), (Doc. 7), which the Court dismissed on February 23, 2026, (Doc. 10). The Court dismissed Plaintiffs' Rule 60(b)(6) motion for relief, finding that the motion was, in substance, a second or successive habeas or post-conviction motion and was therefore subject to AEDPA's precertification requirement. (*See generally id.*)

Now before the Court is Plaintiff's pro se motion under Rule 59(e) of the Federal Rules of Civil Procedure seeking reconsideration of the Court's February 23, 2026 Order dismissing Plaintiff's pro se motion for relief under Rule 60(b)(6). (Doc. 11.) Plaintiff argues that the Court's finding that his pro se motion for relief under Rule 60(b)(6) was in substance a second or successive habeas or post-conviction motion (and was therefore subject to dismissal in light of

---

[1] On June 3, 2024, Movant filed, through counsel, a post-conviction motion challenging his sentence imposed in the underlying criminal case, Case No. 6:19-cr-03160-RK-1, in which Movant was sentenced to 408 months' imprisonment after pleading guilty pursuant to a written plea agreement to one count of conspiracy to distribute one kilogram or more of heroin and/or 400 grams or more of fentanyl in violation of federal criminal law. (*See generally* Doc. 1.)

AEDPA) was incorrect as a matter of law under *Gonzalez v. Crosby*, 545 U.S. 524 (2005). The Court disagrees.

Movant's pro se Rule 60(b)(6) motion for relief asserted that the initial post-conviction Order should be vacated because (retained) post-conviction counsel "erroneously raised the very same issues that he raised on [Movant]'s direct appeal," and "[a]s a result," the § 2255 motion was denied, "depriving [Movant] not only of his first section 2255 [motion] but the rights that come along with such vehicle for relief." (Doc. 7 at 2.) Movant accordingly sought to vacate the prior order denying his § 2255 motion to "restore his section 2255 motion/rights, because the error in question was no fault of his own, but his hired counsel's deficient performance." (*Id.* at 3.)[2]

In substance, Movant's pro se motion under Rule 60(b)(6) was not confined "to a nonmerits aspect" of the federal habeas case. *Gonzalez*, 545 U.S. at 534. In *Gonzalez*, for example, the Supreme Court found that the underlying Rule 60(b)(6) motion in the habeas case was not equivalent to a second or successive habeas petition—but was confined to a "nonmerits aspect" of the habeas proceeding and was therefore a proper Rule 60(b)(6) motion—to the extent it sought relief on the basis that the habeas court's ruling that the petition was barred by the statute of limitations was incorrect. *See id.* at 536. Movant did not raise an analogous challenge in his Rule 60(b)(6) motion in this case.

To the contrary, Movant's claim that post-conviction counsel was essentially ineffective in his post-conviction case (as an extraordinary circumstance warranting post-judgment relief) "is sufficiently similar to a habeas corpus application" and thus constitutes a second or successive habeas petition subject to AEDPA. *Williams v. Kelley*, 858 F.3d 464, 470 (8th Cir. 2017) (holding that Rule 60(b)(6) in a federal habeas action by a state prisoner that sought relief on the basis that post-conviction counsel failed to conduct an adequate investigation into potential claims that were not raised in the habeas petition); *see United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015) ("We have previously interpreted *Gonzalez* to provide that omissions by federal habeas counsel are not procedural defects [in the integrity of a habeas proceeding]." (discussing *Ward v. Norris*, 577 F.3d 925 (8th Cir. 2009))). Movant did not argue, for example, that the claims asserted in his § 2255 motion were cognizable and were not barred by the law-of-the-case doctrine. Movant's

---

[2] Movant reiterated in his reply brief that "revers[ing] [the] previous judgment . . . would allow the movant to file a section 2255 [motion] in the future . . . if he discover[ed] errors in his case . . . [or] if it's later discovered that his sentence and conviction is in violation of the Constitution." (Doc. 9 at 9.)

Rule 60(b)(6) motion is premised on the fact that the claims asserted are barred. Although Movant did not assert any particular claim for relief challenging his federal conviction and sentence that post-conviction counsel should have but did not raise, he effectively seeks to "undo" the filing and the proceeding so that he can raise a § 2255 claim in the future should one be uncovered. "The Supreme Court's concern about circumventing AEDPA is no less present when a petition uses Rule 60(b) as the means for future filings that would circumvent AEDPA than when the motion itself does so. The end result is the same, and impermissible in either case." *Bixby v. Stirling*, 90 F.4th 140, 149-50 (4th Cir. 2024).

In short, the Court is not persuaded that the February 23, 2026 Order dismissing Movant's pro se Rule 60(b)(6) motion as, in substance, a second or successive motion subject to AEDPA erroneously applied the law. Movant's pro se motion for reconsideration under Rule 59(e) is therefore **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 21, 2026

3